## KETCHUM, Executor, &c. *against* KETCHUM.

THE declaration was in assumpsit, upon a promissory note, made by the defendant to the testator; also for money lent by him to and paid for the defendant, and for money had and received by the defendant to the use of the testator, in his lifetime; with an averment that, in consideration of the indebtedness to the testator, the defendant, after the testator's death, promised to pay the several sums, so due the testator, to the plaintiff, as this executor. On the trial, evidence was offered by the plaintiff, and received by the Judge, touching promises made by the defendant to the plaintiff after his testator's death, in order to support the plaintiff's action, as appeared to this Court by the certificate of the Circuit Judge. At the Circuit, the Judge directed the plaintiff to be nonsuited, and a nonsuit was accordingly entered.

D. Buel, jun. now moved that judgment be entered against the plaintiff for costs. He said, it is well settled, that in an action of trover, brought by administrators, where the declaration charges a conversion after the death of the intestate as well as before, and the jury find a verdict for the defendant, and the Judge certifies that evidence was given applicable to the count for a conversion after the intestate's death, the defendant is entitled to costs; because there was of action accrued wholly after the testator's death, or wholly or partially before. If wholly after, the executor pays costs on his failure, as in trover upon his own possession, or assumpsit for money had and received to his use, or debt for an escape upon his own judgment and execution as executor. Otherwise, if the demand accrued wholly or partially before, as in assumpsit upon a promise to the testator. So, if this be followed by a promise to the executor to pay the same debt. In both cases, the action should be by the executor in his representative character. And so of debt for an escape from his testator's judgment and execution, though the escape was after his death.

*Margin note:* An executor declared upon a promissory note, and for money lent, &c. in the lifetime of his testator, laying a promise to himself as executor, after his testator's death. Being nonsuited upon the trial, *held*, that he should not pay costs.

So of an *insimul computasset*, with him, touching accounts of the testator.

The general rule is, that if the executor sue as such, when he might have sued in his own name, if he fail, he shall pay costs; otherwise if he necessarily sue as executor.

And this depends on the inquiry, whether the cause

no necessity of suing in a representative character. (*Administrators of Tilton* v. *Williams*, 11 John. Rep. 403. *Hollis* v. *Smith*, 10 East, 293.)

The same rule, in actions of assumpsit, was long since adopted, even in England, where the Courts have leaned against making the personal representatives liable for costs; (*Marsh* v. *Yellowly*, 2 Str. 1106 ;) whereas this Court has given a construction to the statute of costs more severe against them. (*Brown* v. *Lambert*, 16 John. Rep. 148. *Hogeboom* v. *Clark*, 17 id. 268.) That an executor must pay costs, where he is nonsuited, in an action upon an assumpsit to himself, was decided in *Thornton, executor,* v. *Jett*, (1 Wash. Rep. 138.)

It is only when executors or administrators must necessarily prosecute in their representative character, that they are exempted from costs on nonsuit, &c. (2 Dunl. Pr. 721, and the case there cited.)

*E. W. Walbridge*, contra. Costs are never allowed against executors, upon a nonsuit, where they are obliged to sue in their representative character. (*Cook et al. executors, &c.* v. *Lucas*, 2 East, 395. *Bittersall* v. *Groote*, 2 B. & P. 253. *Hawkes* v. *Saunders*, 3 Burr. 1586. *Hollis* v. *Smith*, 10 East, 293. *Hayworth* v. *David*, Cro. Jac. 229. *Wilton* v. *Hamilton*, 1 B. & P. 445. *Administrators of Tilton* v. *Williams*, 11 John. Rep. 403.) In this case, it was necessary that the plaintiff should sue as executor ; and the case can not be distinguished, in any respect, from that of *Wilton* v. *Hamilton*, (1 B. & P. 445,) where costs were denied.

Indeed, executors and administrators should always be exempt from costs, when prosecuting the right of their testator or intestate, though they be nonsuited. Some authorities hold this to be the rule in all cases where the action will lie in the name of the person whom they represent ; though the injury be done, or the promise made to them personally, after the death of the testator or intestate. (*Cockerill* v. *Kynaston*, 4 T. R. 277, 280–1, per Buller, J.)

*Curia.* The rule is, that where an executor or adminis-trator unnecessarily sues in his representative character; that is, where he might have brought the action in his own name; if he is nonsuited, or there shall be a verdict against him, (5 T. R. 234–5,) he shall pay costs. The mere change of the form of action shall not protect him. In this rule the counsel agree; and it is abundantly supported by the cases cited on both sides. Then the only question is, whe-ther Ketchum, the plaintiff in this suit, necessarily describ-ed himself as executor. On looking into the cases, we think he did. The case of *Goldthwayte and wife, executrix*, v. *Petrie,* (5 T. R. 234–5,) we think, draws the correct distinc-tion. It lays down the rule as established, that where an action is brought by an executor, as such, for transactions arising in the lifetime of his testator, he is not liable to pay costs, though he fail in the action. That was an action brought to recover money alleged to be received after the death of the testator, to the use of Goldthwayte's wife, as executrix; the whole transaction, as declared upon, took place after the testator's death; the money was averred to have been received, and the implied promise to have arisen afterwards; there was no cause of action whatever set forth against the defendant, as having accrued before; and the verdict being for him, the executrix was holden to pay the costs. There she might have sued in her own name, with-out mentioning her representative character at all; but it is different where there is a full and complete cause of ac-tion during the testator's or intestate's lifetime. There a promise, after his death, to pay the debt, will not enure to the executor or administrator, in his individual character. It is merely a confirmation of the demand due in a repre-sentative character. *Jenkins et ux.* v. *Plombe,* (6 Mod. 91; id. 181; 1 Salk. 207, S. C. by the title of *Jenkins* v. *Plume,*) cited by the Court, and recognized as law, in *Goldthwayte* v. *Petrie,* contained a similar doctrine. The distinction which we now take was there much considered, and very fully illustrated. In its outline, that case was the same as *Goldthwayte* v. *Petrie,* being an action by executors, for money had and received to their use as such, after the tes-tator's death. Holt, Ch. J. said the receipt was in the plain-

tiff's own right; and, in any view, the debt ought to be looked upon as a new debt, contracted since the death of the testator. He illustrated his remarks by the familiar case of trover upon the executor's own possession, in which it is now fully settled, that if he fail he must pay costs. He then mentions a case much like the present; a case where a balance is struck on an accounting between an executor and the debtor, upon matters of account which arose in the testator's life; and there, he says, though a new action accrues, yet the executor shall not pay costs, if he be defeated. It is still in the right of the testator. No new contract is made. The whole is a mere ascertaining of what was due before. Yet the law always implies a promise upon a balance struck; but the promise is to the executor as such; and the action should still be in his name. So in another case put by Holt, " if judgment and execution be in the testator's life, and escape in executor's time, upon a nonsuit in action by the executors for this escape, he shall not pay costs; but if he had judgment and execution in his own time, and an escape had happened, for which he brings an action and is nonsuited, he shall pay costs." The whole Court agreed upon the case of the *insimul computassset*, as appears by the report both in 6 Mod. and in Salkeld. The distinction, therefore, seems to lie between an entire and a partial cause of action arising after the testator's death. And there is reason in such a distinction. In the former case, the executor knows, or ought to know, the merits of the cause, and should be holden to sue, upon the peril of costs. In the latter case, he cannot understand the whole subject; and, therefore, the law holds him to no more than his own expenses. Then what is this case? A promissory note, and money had and received, lent and paid, &c. all in the testator's lifetime; and, in consideration of this, a promise to the executor, as such, that the money should be paid. This is not so strong a case against the executor as an *insimul computasset*. Here cannot be said to be a new action; and we think the plaintiff was under a necessity to sue in his representative character. The cause of action was complete during the life of his testator. It is not

like the case of trover upon his own possession, an escape upon his own judgment and execution, or money received immediately to his use, &c. ; and, on the whole, we are clear against allowing costs.