PALMER, executor, &c. *vs.* PALMER.

In a suit by an *executor*, where the declaration contained a count on a promis sory note given to the testator, and also the common money counts, stating the indebtedness to the plaintiff in his own *right*, and a *general* verdict was found for the defendant, who entered judgment for *costs*, without previously applying for leave to do so, the judgment was set aside as *irregular*.

On the motion, the court refused to consider affidavits shewing that the suit was prosecuted in *bad faith* by the executor, although a strong case was presented ; the party not having had an opportunity to answer. Leave, however, was given to the defendant to apply for liberty to enter judgment for costs on that ground, although a year had elapsed since the verdict.

MOTION to set aside a judgment entered against an executor for costs ; leave for the entry of such judgment not having been previously obtained.

*By the Court,* SUTHERLAND, J. This is a motion to set aside the judgment for costs entered in this case against the plaintiff. The plaintiff sued as executor, and a verdict was rendered for the defendant ; upon which, in August, 1829, he entered up judgment for costs.

The only difficulty in the case arises from the fact stated in the affidavit of the defendant's counsel, that the declaration contains not only a count upon the note given to the testator, but also the money counts, stating the indebtedness to the plaintiff in his own right. Independently of this circumstance, it would have been a gross irregularity in the defendant to have entered up his judgment against the plaintiff for costs, without a special application to the court. An executor is liable for costs only where he prosecutes in bad faith, with full knowledge that he has no cause of action, or where the cause of action accrued wholly after the testator's death, and might have been prosecuted in his individual name. *Ketchum* v.

*Ketchum,* 4 *Cowen,* 87.　And in such cases, a special application to enter such judgment must be made to the court.

Where the declaration contains several counts, some of which allege the cause of action to have accrued in the life time of the testator or intestate, and others after his death, and there is a general verdict for the defendant, he will be entitled to costs, if the judge who tried the cause will certify that the plaintiff gave evidence applicable to the latter counts ; but in this case, he must make a special application to the court for the purpose.　*Tilton* v. *Williams,* 11 *Johns. R.* 403. 4 *T. R.* 277.

If the second count is as stated by the defendant's counsel, the declaration might have been demurred to for a mis-joinder of counts ; but having gone to trial, and the declaration containing one count in the character of executor, the defendant was not at liberty, without the leave of the court, to treat it as a suit by the plaintiff in his individual character and to enter up a judgment for costs against him.　The affidavits shew that the whole contest was in relation to the note, and that probably no evidence whatever was given upon the money counts.　The judgment was irregularly entered, and must be set aside with costs.

Upon this application, we will not undertake to determine whether the plaintiff prosecuted the suit in good faith or not. The affidavits on the part of the defendant present a strong case against him ; but he has had no opportunity to answer them, and must not be condemned unheard.

Under the circumstances of the case, we give the defendant leave to move the court for liberty to enter up judgment for costs against the plaintiff.　Upon that application, the whole merits of the case upon this point may be presented.