## Burhans, executor, &c. vs. Blanchard.

An executor suing upon a cause of action which accrued after the death of his testa-tor, and failing, is personally liable for the defendant's costs.

An executor cannot as such maintain an action against a surrogate for moneys in his hands for distribution arising from the sale of his testator's real estate.

One sued as *late* surrogate for moneys alleged to be retained by him from the proceeds of real estate of a deceased person sold under his order is entitled to double costs, *i. e.* his taxed costs and one half thereof in addition.

Motion on behalf of the defendant for leave to enter up judgment against the plaintiff personally for costs, and that they be doubled, the defendant being sued as a public officer.

The suit was in assumpsit against the defendant, who was described as late surrogate of the county of Albany, upon promises to the plaintiff as executor, for money had and received by the defendant, for the use of the plaintiff as such executor. The claim set up on the trial of the cause, was for certain moneys which came to the hands of the defendant as surrogate, arising from the sales of lands of the testator under an order of the said surrogate, there being a deficiency of assets to pay debts, which moneys the plaintiff claimed were payable to himself. The circuit judge certified that the claim of the plaintiff, as it appeared on the trial, was as has been stated, and that the alleged cause of action arose after the death of the testator.

*J. McKown*, for the defendant.

*A. Taber*, for the plaintiff.

*By the Court*, Beardsley, J. The general statute under which a successful defendant recovers costs, does not give them " against executors or administrators, *necessarily* prosecuting in the right of their testator or intestate, unless upon special application the court shall award costs against them, for wantonly bringing any suit, or for unnecessarily suffering a nonsuit or *non pros*, or for bad faith in bringing or conducting the cause."

(2 *R. S.* 615, § 17.) Neither of the special grounds on which costs may by awarded under this section is alleged to exist in this case, and the motion is founded on the single ground that the plaintiff did not necessarily prosecute in the right of his testator.

Where an executor sues on an alleged cause of action, which arose wholly after the death of the testator, and during the time of the executorship, and fails in his action, he ought to pay costs. Such an action is not necessarily prosecuted in the right of the testator, and the reason on which executors and administrators, when compelled to sue in their representative character and capacity, are exempt from the payment of costs, is inapplicable. The distinction between cases in which an executor must sue in that character, and those in which he may prosecute in his own right, whether the action be in tort or on contract, is well settled. ( *Tilton's adm'r* v. *Williams,* 11 *John.* 403 ; *Ketchum, ex'r,* v. *Ketchum,* 4 *Cowen,* 87 ; *Mann* v. *Baker,* 5 *id.* 267 ; *Palmer* v. *Palmer,* 5 *Wend.* 91 ; *The People* v. *The Judges of the Albany Mayor's Court,* 9 *id.* 486.) Here, the supposed cause of action on which the plaintiff sought to recover, arose wholly after the death of the testator. If any cause of action existed it was personal to the plaintiff himself. If promises were made to him, as alleged in the declaration, he might have counted upon them in his individual name and right, and it was altogether unnecessary for him to sue in his representative character. Having failed in his action he was clearly liable to costs.

It is too plain to admit of a plausible argument, that the plaintiff could in no event maintain an action *as executor,* for the proceeds of real estate sold under a surrogate's decree, and paid, as they should be, to the surrogate for distribution as the statute directs. (2 *R. S.* 106, §§ 34, 35.) The surrogate, out of such moneys, is first to pay the expenses of the sale, and then satisfy any claim for dower which may exist. Debts are next to be paid, and the surplus, if any remain, is to be distributed amongst the heirs and devisees of the testator. (2 *R. S.* 99, *tit.* 4, *at large.*) In form this action was founded on promises to the executor as such, but the facts disclosed on the trial show

that if any action was maintainable, it was one personal to the plaintiff as an individual, and not pertaining to his representative character and capacity. It was not necessary, therefore, to sue as executor; and having failed in his action, the plaintiff is personally bound to pay costs, and judgment will be perfected in that form.

Under the statute the defendant is entitled to "recover the amount of his taxed costs, and one half thereof in addition." (2 *R. S.* 617, § 24.) He was sued for an alleged violation of official duty, in not paying over to the plaintiff money which was in the defendant's hands as surrogate. It was shown that the money had been received by the defendant in that character, but the plaintiff failed to prove that *he* was entitled to it. The defendant was therefore sued without just cause for a supposed violation of official duty, and in such case the statute gives an additional amount of costs, as a recompense for the vexation and expense to which the party has been subjected. A full bill of costs to be taxed, and one half the amount thereof in addition, is to be allowed.

Ordered accordingly.