HARRIET E. CHRISTY, AS ADMINISTRATRIX OF THE ESTATE OF EDWIN P. CHRISTY, DECEASED, *vs.* JAMES S. LIBBY, INDIVIDUALLY, AND AS COLLECTOR OF THE ESTATE OF SAID EDWIN P. CHRISTY, DECEASED.

The Court of Common Pleas has the same powers as those exercised by the late Court of Chancery, and by the present Supreme Court, in all actions where the defendant resides, or is personally served with process, in the city of New York.

The provision of the Revised Statutes, conferring jurisdiction upon surrogates (2 R. S. 95, § 68), was intended to provide an inexpensive and summary mode for bringing executors, &c., to account, but did not take away the power theretofore exercised by courts of equity to afford this species of relief. They still exercise concurrent, and in some cases exclusive, jurisdiction.

An action lies by an administrator against one who had been appointed collector of the estate of plaintiff's intestate by a surrogate, to compel him to account for assets in his hands. And in such an action it is not necessary to aver, in the complaint, an accounting before the surrogate; nor to allege facts from which the surrogate's jurisdiction to grant administration of the estate may be inferred.

In such an action, the defense that proceedings are pending before the surrogate on defendant's accounting, can only be taken by answer.

APPEAL by the defendant from a judgment at special term, on demurrer to the plaintiff's complaint.

The complaint alleged that on the 21st day of May, 1862, Edwin P. Christy died intestate, and that on the 22d day of May, 1862, letters of administration upon the estate of the deceased were granted by the surrogate of New York to the plaintiff; that the plaintiff qualified and entered upon the discharge of the duties of her office as administratrix; that afterward a contest arose before the surrogate as to the right of plaintiff to be such administratrix, and during the pendency of the contest the defendant was appointed collector of the estate of the deceased by the surrogate; that the defendant entered upon the duties of his office as collector, and as such took possession of certain goods, chattels, moneys and effects of the deceased. The complaint further alleged that the appointment of defendant was only to continue until it was determined who was entitled to administration; that afterward the contest was decided in favor of the plaintiff, and a decree duly entered affirming the plaintiff's right to administer upon the estate of the deceased, and to the control and possession of all the personal property of the deceased. The complaint also alleged that before the commencement of the action, the plaintiff had demanded of the defendant the property, moneys and effects of which he became possessed as such collector, and that he account therefor to her as such administratrix, and that the defendant refused to do so.

The complaint further alleged that a large amount of said property and effects had been converted into money, and that the defendant fraudulently retained possession thereof; that the defendant had, by neglect and mismanagement, lost a large amount of the personal property and effects of which he became possessed as such collector, and had lost, by his omission and neglect, a large amount of other personal property to which he was entitled as such collector, to all of which, plaintiff, as such administratrix, claimed to be entitled.

Judgment was demanded against the defendant that he account for all the personal property, moneys and effects which had come into his possession, and to which he was entitled as such collector; that he be ordered and directed to deliver to the plaintiff, as such administratrix, all the personal property

and effects still remaining in his possession, and that he pay to her, as such administratrix, all moneys in his possession, and to which he is entitled as such collector ; that he pay to her, as such administratrix, the value of all personal property and effects which have been lost through his mismanagement or neglect. The defendant demurred to the complaint on the ground that this court had no jurisdiction of the subject of the action, and that the Surrogate's Court was the proper forum in which to adjust the accounts and control the proceeding of executors, collectors, etc., and on further grounds of misjoinder of several causes of action, and that the complaint did not state facts sufficient to constitute a cause of action.

The special term gave judgment for the plaintiff, with the following opinion by

VAN VORST, J.—Executors and administrators are considered as trustees. The defendant, as collector of the estate, appointed by the surrogate during the contest in his court as to the plaintiff's right to administration, stands in relation to the estate as a trustee. Courts of equity take cognizance of the conduct of executors, administrators, and other trustees (3 *Black. Com.* 437 ; *Willard's Equity Jur.* 88, 490). Courts of equity have jurisdiction to call an executor or administrator to account ; and the power to summon trustees of this character for this purpose was frequently exercised by the late Court of Chancery in behalf of creditors, legatees · or distributees of an estate, although the Surrogate's Court had concurrent jurisdiction over those matters. In *Rogers* v. *King* (8 Paige, 211), the chancellor says : " This court, upon a proper application, would grant injunction as a matter of course, to stay any creditor or others from proceeding before the surrogate, and to compel them to come in and to establish their claims under the decree heard." The Court of Chancery would exercise such restraining power, from proceeding in the Surrogate's Court, where a bill had been filed in that court for an accounting.

A court of equity is a tribunal in which not only the personal fitness and conduct of a trustee may be investigated, but in which his administration of the trust property may be overlooked on a charge of waste, and he may be ordered to account for the property received by him, and to pass and settle

his accounts. A court of equity has always exercised jurisdiction in such cases—it is inherent to it.

The defendant, having had only a temporary relation to the estate of the deceased, to be ended so soon as it could be determined who was to be clothed with legal power to take the property, is a trustee, and liable to account to the person ultimately appointed the proper representative.

The collector should account to the party legally appointed administratrix, for the property, money and assets which have come into his hands as collector, and for his management of the trust estate, and for property lost by his mismanagement or neglect of duty. A case of this character is a proper subject for the cognizance of a court of equity.

The Court of Common Pleas of the city and county of New York has the same powers as those exercised by the late Court of Chancery in all *actions* where the defendant resides, or is personally served with a summons within the city of New York (Code of Pro. § 33; *Brown* v. *Irish Presbyt. Cong.* 6 Bosw. 246.)

As the Court of Chancery could have entertained jurisdiction of this action, this court may.

It is true that the surrogate of New York has jurisdiction to summon this defendant to account, and to oblige him to make an exhibit of his affairs as collector of this estate, and may make a valid decree in the premises on a state of facts, as is set up in the complaint in this action (2 Edmond's Stat. at Large, 229, 230).

But it was not designed that the jurisdiction of the surrogate should be *exclusive*. There is nothing in the statute which tends to show that the legislature designed to take away from courts of equity their jurisdiction over cases of this character In *Seaman* v. *Duryea* (11 N. Y. 324), it is said that "it was the intent of the legislature in conferring this jurisdiction upon surrogates, to provide an inexpensive and summary process for the settlement and adjustment of the accounts of executors and administrators, and to supersede the necessity of a resort to the Court of Chancery for that purpose." All that was meant to be decided in that case upon this point was, that a party was not of " *necessity* " obliged to go into a court of equity in cases of the character designated. If a party elected, there

was a tribunal open to him in which he could take a more summary and inexpensive method than by resorting to the Court of Chancery. If it had been intended that the surrogate should exercise *exclusive* jurisdiction, it would have been so stated. I have no doubt about the jurisdiction of this court to entertain this action. This disposes of the first ground of demurrer.

There is but really one cause of action set up in the complaint. The matters alleged have relation to the defendant in his character as collector and trustee only.

Defendant is asked to account for what he has received, and for what has been lost through his misconduct and negligence as collector. His conduct and administration as trustee, during the time he held the office of collector, is the subject of inquiry. In the title of the complaint he is described "individually," as well as "collector." The title, it is true, is a part of the complaint (Code of Pro. § 142); but the allegations in the body of the complaint should control the title. By them he is sought to be charged as collector, and it is in that relation only that he is brought into court. It is not claimed that he, otherwise than as *collector*, has interfered with the property and estate of the deceased. He is not proceeded against as a trespasser.

The last ground of demurrer is involved in the consideration of the first and second. If the preceding views are correct, the complaint does set up a cause of action.

Judgment for plaintiff on the demurrer, with leave to defendant to answer in twenty days, on payment of costs.

From the judgment entered on the decision, the defendant appealed to the general term.

*Amos G. Hull*, for appellant.

*C. Bainbridge Smith*, for respondent.

By the Court.—DALY, F. J.—The complaint avers the day of the death of the intestate, the granting of letters of administration upon his estate to the plaintiff, the day when they were granted, that they were granted by the surrogate of the city and county of New York, and that the plaintiff qualified and entered upon her duties as administratrix; which is all and even more

than was necessary (*Ring* v. *Roxborough*, 2 Tyrwh. R. 486 ; 2 Williams on Executors, 1595, and note 1, 4th Am. ed. ; 1 Chitty on Pleading, 315 ; 2 Id. 109, 110, 6th Am. ed. ; *Ketchum* v. *Ketchum*, 4 Cow. 87 ; *Goldthwayte* v. *Petrie*, 5 T. R. 234). The granting of letters by the surrogate to the plaintiff is *primâ facie* evidence of her appointment, and that he had the requisite evidence before him to authorize his action (*Sibly* v. *Wolfe*, 16 N. Y. 184, and see cases before cited).

It was not necessary to aver an accounting before the surrogate. The provision of the Revised Statutes conferring the jurisdiction upon surrogates was intended to provide an inexpensive and summary mode for bringing executors, &c., to account ; but did not take away the power theretofore exercised by courts of equity, to afford this species of relief. It still exercises a concurrent, and, in some cases, an exclusive jurisdiction (*Rogers* v. *King*, 8 Paige, 210 ; Willard's Equity Jurisprudence, p. 560), and this court has the same powers exercised by the Court of Chancery, and now by the Supreme Court, in all actions where the defendant resides or is personally served with process in this city (*Brown* v. *The Irish Presbyterian Congregation*, 6 Bosw. 246). If the defendant had been cited to account before the surrogate, and an accounting was pending before him at the commencement of the suit, it should be set up by way of answer, for the defendant cannot be required to account before two tribunals at the same time (*Percival* v. *Hickey*, 18 Johns. 257 ; Graham's Practice, 228, and cases there cited), where another action or proceeding for the same cause is pending. The decision of the court below, that the plaintiff was entitled to judgment upon the demurrer, was, therefore, right, and the order appealed from should be affirmed.