IRA HOLDRIGE, Jr., administrator, &c., Appellant, v. MARY SCOTT, Respondent.

(GENERAL TERM, EIGHTH DISTRICT, NOVEMBER, 1869.)

Executors and administrators suing in their representative character, *unnecessarily*, in cases where the cause of action (if any) accrues to them in their individual right, and, failing to recover, are personally liable to the defendant for costs.

Where the record shows that the cause of action (if any) arose after the death of the testator or intestate, such right of action vests in the executor or administrator in his private right, and he cannot in such case escape the penalty of costs by suing in form, in his representative capacity, unnecessarily, if he fails to obtain judgment.

Where the record shows the action to be maintainable (if at all) in the individual right, no motion is necessary to charge such plaintiff with costs; judgment therefor may be entered, of course, as in ordinary cases, upon the clerk's taxation.

Section 317 of the Code has not changed the former law of personal liability of executors' and administrators plaintiffs, for costs, in actions unnecessarily brought by them in their representative capacity where they might have sued in their individual right, and judgment passes against them.

The case of *Woodruff*, administrator, v. *Cook* (14 How., 481), considered to be an erroneous construction of the Code upon this subject.

THE facts appear in the opinion of the court.

*D. H. Waite*, for the appellant.

*D. H. Bolles*, for the respondent.

Present—DANIELS, MARVIN and LAMONT, JJ.

By the Court—LAMONT, J.   An order was made at Special Term on the motion of defendant, who obtained a verdict herein, charging the plaintiff with costs personally, from which plaintiff appeals to the General Term.

The question is, whether the Code (§ 317) has changed the law, as it before stood, in such a manner, that an executor or administrator prosecuting an action in his representative capacity, and failing in the suit, is exempted, *personally,* from liability for costs in all cases, unless the court shall personally charge him therefor, on the score of mismanagement or bad faith in the action; or whether the exemption from such personal liability is restricted to those cases, where he *necessarily* sues in his representative character.   The distinction between those actions, in which executors and administrators must sue in their official right, and where they may maintain an action in their individual right, is well settled by a long series of decisions.   Prior to the Code, executors and administrators were exempted from the payment of costs, although they failed to recover in actions brought by them as plaintiffs, provided such actions were *necessarily* prosecuted in their representative character, unless upon special application the court awarded costs against them for wantonly bringing any suit, or for unnecessarily suffering a nonsuit or *non pros,* or for bad faith in bringing or conducting the cause.   (2 R. S., 615, § 17.)

This section of the Revised Statutes, in providing such exemption from personal liability, uses the terms, "*necessarily prosecuting in the right of their testator or intestate.*"

Before the Revised Statutes, and under the Revised Laws of 1813, in the chapter entitled "An act concerning costs" (vol. 1, p. 343, § 2), the exemption of executors and administrators from costs against themselves personally, when the actions they brought failed by nonsuit or verdict against them, was expressed by an exception in the following words: "*Except against executors and administrators prosecuting in the right of their testator or intestate.*"

The language granting the exemption was the same in each statute, except that the word "*prosecuting*" in the Revised

Holdrige *v.* Scott.

Laws was changed into the words "*necessarily prosecuting*" in the Revised Statutes.

Before the statute had introduced the word "*necessarily*" in this connection, it was uniformly held that such personal exemption from costs in favor of executors and administrators as plaintiffs, failing in their suit, was allowable only when the action was necessarily brought by them in the right of their testator or intestate, and their personal liability for costs extended to all cases where they sued in their representative right unnecessarily; that is, where they could have brought their actions in their individual *right*. The word "*necessarily*," inserted in the Revised Statutes, only expressed more clearly what the law had been before.

The cases of *Ketchum* v. *Ketchum* (4 Cow., 87), and *Mann* v. *Baker* (5 Cow., 267), which arose under the Revised Laws are full to the point. In the case of *The People* v. *The Judges of the Albany Mayor's Court* (9 Wend., 486), which arose under the Revised Statutes, the effect of this change of phraseology is considered at length. The whole court there held that in the respect we are now considering the Revised Statutes had not altered the law as to executors and administrators plaintiffs (p. 489), and that the 17th section, 2 R. S., 615, (in which the word "necessarily" is found), was no doubt so drawn as to render clear and explicit what was perhaps obscure in the second section of the act of 1813 (1 R. L., 343, p. 490). The court further observed that all the sections of the Revised Statutes, except the said 17th section (p. 615), related to executors or administrators in their representative capacity, and therefore had no application to that case (p. 491); and the reason why they had no application was because that action was *not necessarily* brought in a representative capacity, but might have been brought in the individual right. (*Burhans* v. *Blanchard*, 1 Denio., 626.) The same distinction runs through the English cases as may be seen by the authorities before cited, and more at large in Toller on Executors, 439, 440; and the reason is given that in one class of actions, where the executor sues in *autre droit*,

the law does not presume him to be sufficiently cognizant of the nature and foundation of the claims he has to assert, for the principal actor represented by the plaintiff is dead. But if he may bring the action in his private capacity, then, if he fail, he shall be liable to costs, as in an action for trover and conversion subsequent to the testator's death, &c., &c. (*Tilton's adm'r.* v. *Williams,* 11 John. 403.)

In all these cases the cause of action accrues to him personally, and, therefore, like every other plaintiff, he shall be subject to costs, nor shall be exempt by naming himself executor in an action, where there is no necessity so to do; otherwise, he may in all cases indiscriminately evade the payment of costs. (*Chamberlin* v. *Spencer,* 4 Cow., 550.)

The note of the revisers to § 17, 2 R. S., 615, shows that they contemplated no change of the law in the respect now in question. The construction of the courts has been uniform that an action prosecuted by an executor, &c., means, in statutory language, the same thing as an action necessarily prosecuted by an executor, &c., in relation to this question of their liability to, or exemption from the payment of costs.

The same rule of construction applies to the language of § 317, of the present Code. The language there employed: " In an action prosecuted by an executor, &c., means, necessarily prosecuted by the plaintiff in his character as executor." This conforms to the previous statutes and decisions, and to the reason and good sense of the case. This language in the Code is like that in the act of 1813. The word "necessarily" is not used in either; but that term, when inserted, did not change the meaning, nor does its omission now, in the Code, affect the true construction of its language. If § 317 of the Code is construed as similar statutes have been on the same subject, its language will have full force and effect. This section enlarges the right to costs, which follow, as a matter of course, against the executor or administrator failing to maintain his action, chargeable, however, upon, or collectable of the estate, fund or party represented; that is, even when the action is prosecuted or defended, necessarily, by a party

Holdrige *v.* Scott.

in his representative or trust capacity ; and further, in such cases, the court may charge the costs personally on the party, as before, for mismanagement or bad faith.   When, however, the cause of action accrues to an executor in his private right, this section does not so change the law that the executor may resort to the subterfuge of unnecessarily prosecuting, under the cloak of his representative character, when he ought to sue in his individual right, and thus, by assuming a false shape in his action, escape the penalty of costs for his failure to maintain it.

The case of *Woodruff, administrator,* v. *Cook* (14 How., 481), is not in accordance with these views, but we do not think that case well considered.   It is in direct conflict with the case in 9 Wend., 486, above cited, and goes on the ground that § 317 of the Code repeals § 17 of 2 R. S., 615, and introduces a new rule of law as to costs of plaintiffs when prosecuting as executors or administrators.   This view we think to be erroneous, and, nothing in the case therein cited (*Cunningham* v. *McGregor* 12 How., 305), gives countenance to the decision.   On the contrary, the latter was an action by an assignee under an assignment for the benefit of creditors, who, the court says, necessarily prosecutes by virtue of his rights as trustee (Code §§ 111, 113), and adds that " the same rules must be applied to his case as are applied in actions *necessarily* brought by executors or administrators in their representative capacity.   The court, in *Woodruff* v. *Cook,* above cited, lays stress on the fact that § 317 of the Code repeals § 17 of 2 R. S., 615 ; but we have endeavored to show that such repeal (if made) works no change in the law in respect to the point now in question, and that the Code must, in this respect, receive the same construction so long put on similar language in the previous statute of 1813.   Neither the facts stated nor the decision made in *Curtis* v. *Dutton,* (4 Sand., 719), affect the question.   Where the record shows, as in *Woodruff* v. *Cook,* and in *The People* v. *The Judges of the Albany Mayor's Court,* that the cause of action, if any, accrued to the plaintiff in his private right, judgment for costs

personally against the plaintiff follows, *of course*, although he names himself executor or administrator in his complaint.

In the present case, the alleged cause of action accrued to the plaintiff in his individual right, if at all ; failing, he must pay costs.

The order at Special Term should be affirmed.

Ordered accordingly.