MARY L. FOX, ADMINISTRATRIX, AND ANOTHER, ADMINISTRATOR, ETC., APPELLANTS, *v.* DANIEL FOX, RESPONDENT.

*Administrator — when personally liable for costs — Trover.*

No costs are allowed against a plaintiff administrator personally, in an action of trover, when the alleged conversion was in the testator's lifetime, but it is otherwise when the conversion is subsequent to the testator's decease, and the action might have been maintained in the plaintiff's own right.

APPEAL from an order made at the Special Term, making the plaintiffs personally liable for costs.

This action was brought to recover the value of certain articles of personal property belonging to the plaintiffs' intestate, which were, at the time of his death, upon a farm belonging to the

defendant, and which, it was alleged, had been subsequently converted by him.

*Anson B. Moore*, for the appellants.

*F. Lansing*, for the respondent.

GILBERT, J.:

No costs are allowed against a plaintiff administrator, in an action of trover, when the conversion was in testator's lifetime; but it is otherwise when the conversion is subsequent to the testator's decease, and the action might have been maintained in the plaintiff's own right. When an administrator complains in trover, on the possession of his intestate, and a conversion after his death, and has judgment against him, he must pay costs (*Holdrige* v. *Scott*, 1 Lans., 303, and cases cited); and he shall not be excused from the payment of costs, though he bring the action as administrator, as upon a contract express or implied. (Tidd's Pr., 978; *Grimstead, Exr.*, v. *Shirley*, 2 Taunt., 116; *Bollard, Admr.*, v. *Spencer*, 7 Term, 354.) The only good cause of action set forth in this complaint, arose upon the allegation, that, by the terms of the contract, the personal property was to vest in the intestate on his taking possession of the farm, and the allegations of a conversion by the defendant after the death of the intestate. We are inclined to think the other allegations of the complaint were not sufficient to make out any cause of action, for the contract was entire, and no benefit to the intestate, excepting the title to the personal property, could accrue from it until after the defendant's death; and those allegations certainly formed no part of the cause of action in trover. If, however, they constituted a cause of action, it was distinct from that relating to the possession of the personal property and the conversion thereof; and the referee having taken no notice of it, but treated the action as one in trover only, without objection, and that having been set forth as having accrued after the death of the intestate, the plaintiffs are not exempted from liability to pay costs. (*Admr. of Tilton* v. *Williams*, 11 Johns., 403.)

The order must be affirmed, with costs.

Present— MULLIN, P. J., SMITH and GILBERT, JJ.

Order affirmed.