HARVEY S. BEDELL, AS ASSIGNEE IN BANKRUPTCY OF JAMES
L. HUMPHREY, APPELLANT, v. WILLIAM H. BARNES,
RESPONDENT.

*Costs — executors and trustees, unnecessarily suing in their representative capacities,
are personally liable for costs — Code of Civil Procedure, sec. 3246.*

Section 3246 of the Code of Civil Procedure does not exempt executors, admin-
istrators or trustees of an express trust from liability to costs in actions
brought by them in their representative capacities, unless the actions are
necessarily brought by them in such capacities.

In an action brought by an assignee in bankruptcy, as such, to recover for a
wrongful taking from his possession of personal property which he had
received as a part of the assets of the bankrupt, a judgment was rendered in
favor of the defendant.

*Held*, that as the assignee might have brought the action in his individual, instead
of his representative, capacity, he was personally liable for the costs thereof
*Reade* v. *Waterhouse* (52 N. Y., 587), distinguished.

APPEAL from an order of the Oneida County Court, denying the
plaintiff's motion to vacate or modify a judgment against the plain-
tiff, personally, for the costs of the action, and also a motion to set
aside an execution issued on the said judgment against the property
of the plaintiff, individually.

*H. S. Bedell*, appellant, in person.

*S. Cromwell*, for the respondent.

SMITH, P. J.:

No order has been made in the action charging the plaintiff, per-
sonally, with costs, as provided by section 3246 of the Code of Civil
Procedure; and upon that ground the plaintiff made his motion in
the court below, and now contends that it was improperly denied.
The answer made by the respondent is, that as the plaintiff's sole
cause of action set out in the complaint was for an alleged wrong-
ful taking of personal property from his possession after he was
appointed assignee and had taken possession of the assigned prop-
erty, he could have sued in his own right, and he unnecessarily
described himself in the complaint as assignee.

Does section 3246 exempt the several classes of plaintiffs therein

described from liability to costs when they unnecessarily prosecute in their representative character? That section, like its predecessor, section 317 of the old Code, groups together "executors and administrators," "trustees of an express trust," and "persons expressly authorized by statute to sue," and applies to them one and the same rule. Previous to the adoption of section 317, the statutory exemption was confined to "executors and administrators." (2 R. S., 615, § 17; 1 R. L., 343, § 2.) The Revised Statutes, in terms, limited it to executors and administrators "*necessarily* prosecuting in the right of their testator or intestate," but the word "necessarily" was not used in the revision of 1813, and it was held that the introduction of it in the Revised Statutes worked no change in the law. (*The People* v. *The Judges of the Albany Mayor's Court*, 9 Wend., 486; *Holdrige* v. *Scott*, 1 Lans., 303.) The section of the Revised Laws of 1813, above cited, was frequently held to apply only to executors, etc., *necessarily* prosecuting in their representative character. (*Ketchum* v. *Ketchum*, 4 Cow., 87; *Mann* v. *Baker*, 5 id., 267.) The same construction has been given repeatedly to section 317 of the Code. (*Holdrige* v. *Scott, supra; Smith* v. *Patten*, 9 Abb. Pr. [N. S.], 205; *Bostwick* v. *Brown*, 15 Hun, 308.) In *Holdrige* v. *Scott*, the case of *Woodruff, Administrator*, v. *Cook* (14 How., 481), holding adverse views, was disapproved. There is abundant authority, then, for saying that none of the classes of persons described in section 3246 can escape the penalty of costs in case of failure, by resorting to the pretext of suing in their representative character, upon a cause of action accruing to them in their own right.

That an assignee in bankruptcy is a "trustee of an express trust," within the meaning of the section, has been held by the Court of Appeals. (*Reade* v. *Waterhouse*, 52 N. Y., 587.)

Was the present suit unnecessarily prosecuted by the plaintiff in his representative capacity? The cause of action did not pass to him by the assignment. It arose after the assignment, by reason of a wrongful taking of property from his possession. He was vested with the legal title, and as the property had come into his hands as assets of the bankrupt, he was answerable for it, and could maintain an action against the wrong-doer in his own right. In the case of executors, it has long been settled, that in trover brought by them,

where the conversion, which is the gist of the action, is after the death of the testator, they must pay costs if they fail. (*Mann* v. *Baker, supra.*) In *Burhans* v. *Blanchard* (1 Den., 626), which was an action by an executor on promises, made after the death of the testator, the court said that if any cause of action existed it was personal to the plaintiff himself, and having failed in the action he was charged personally with costs. The rule is the same whether the action be in tort or on contract. (Id.) In *Bonafous* v. *Walker* (2 T. R., 126) it was objected that the action ought to have been brought by the plaintiff as *administratrix*, because the judgment on which the party had been committed in execution, had been obtained by her as administratrix of her husband. But the court said that it was unnecessary, for the instant the plaintiff recovered the judgment it became a debt *due her*, on record, and was assets for which it was not necessary for her to declare as administratrix. To the same effect are *Talmage* v. *Chapel* (16 Mass. R., 71) and *Biddle* v. *Wilkins* (1 Pet., 686). In analogy to those cases, it seems clear that the present action was unnecessarily prosecuted by the plaintiff in his representative character. Suppose the defendant had answered, denying the plaintiff's character as assignee, would the denial have presented a defense? We think not. The fact would have been immaterial, since the alleged conversion consisted in taking the property from the plaintiff's possession. The plaintiff being answerable for the property so taken, the suit was his own, in his own right, the fund in his hands was not involved in the event, and it ought not to be wasted by appropriating any part of it to the payment of the costs of the present action. The rule contended for by the appellant would tend to encourage laxity on the part of trustees, and the squandering of trust funds in their hands in useless litigation.

The case of *Reade* v. *Waterhouse* (*supra*), relied upon by the appellant's counsel, is not adverse to the views above expressed. There the plaintiffs having sued upon a promissory note, became bankrupts, and their assignee in bankruptcy continued the action in their name. The action failed and the defendants entered judgment for costs, which the assignee was ordered to pay or be attached. It was claimed that the order was authorized by section 321 of the old Code, which provided that "in actions in which the cause of

action shall, by assignment after the commencement of the action, * * * become the property of a person not a party to the action, such person shall be liable for the costs, in the same manner as if he were a party, and payment thereof may be enforced by attachment." The court held that that section imposed no greater liability upon the assignee than if the action had been originally brought by him in his representative capacity, and that under that section an assignee is not personally chargeable for costs before the assignment; and the order was reversed. The decision is in harmony with what we have said. As the note was given to the bankrupts, the assignee, if he had commenced the action, could properly have sued in his representative capacity, and would have been exempt from personal liability for costs by section 321, as construed by us.

The order should be affirmed, but without costs, as the question is new.

MACOMBER, J., concurred; HARDIN, J., dissented.

So ordered.