MARIA L. HOOD, as Executrix of the Last Will and Testament of Andrew Hood, deceased, Respondent, *against* FREDERICK HOOD *et al.*, Appellants.

(Decided May 18th, 1883).

Pending an action by an executrix brought, by leave of the surrogate, upon the bond of an executor whose letters testamentary had been revoked, in which plaintiff sued as executrix and individually, and on behalf of persons interested in the estate, the order which revoked the letters testamentary to the executor was reversed. *Held*, that plaintiff could not be allowed to discontinue the action without costs.

APPEAL from an order of this court discontinuing an action without costs.

The facts are stated in the opinion.

This action was brought under authority of an order granted by the Surrogate of Westchester county, giving

the plaintiff as executrix of the last will and testament of Andrew Hood, deceased, leave to maintain an action on her own behalf and on behalf of all other persons interested or claiming to be interested in the estate, upon the bond given by Frederick Hood, a non-resident executor named in said last will and testament. The letters testamentary issued to Frederick Hood had been revoked. The defendants Moffat and Haywood were sureties on the bond. The order revoking the letters testamentary was subsequently reversed by the Court of Appeals. For this reason the plaintiff moved this court at Chambers for leave to discontinue without costs or upon such terms as might be just. The defendants Moffat and Hayward, the sureties upon the bond, opposed the motion and asked an extra allowance in addition to their costs. The court below granted the motion; and from the order entered thereupon defendants appealed.

*Edward R. Wilder*, for appellants.

*Roe & Macklin*, for respondent.

BEACH, J.—[After stating the facts as above.]—The complaint avers the action to be prosecuted by the plaintiff as executrix and individually, and on behalf of the persons interested or claiming to be interested in the estate. Actions brought in a representative capacity mean those maintainable only in that character. The plaintiff sued both as executrix and individually, and the action might have been prosecuted in her own name. For this reason she should not have been relieved from the payment of costs (*Burhans* v. *Blanchard*, 1 Denio 626, and cases there cited).

In actions brought by or against an executor in his representative capacity, costs must be awarded as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836 (Code Civ. Pro. § 3246). The exception arising from the sections named applies only to actions brought *against* the executor, and is inapplicable here (*Fox* v. *Fox*, 22 How.

Pr. 453). In my opinion the learned justice in the court below erred in ordering the action discontinued without costs. The denial of the defendants' application for an extra allowance was within the discretion of the court, and there is no reason for interfering with the result of its exercise.

The part of the order discontinuing the action without costs should be reversed, and the part denying the defendants' application for an extra allowance affirmed, without costs to either party on this appeal.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order accordingly.