ABNER BUCKLAND, AS ADMINISTRATOR, ETC., OF WARNER BUCKLAND, DECEASED, RESPONDENT, *v.* WILLIAM GALLUP, APPELLANT.

*Practice — when an administrator is personally liable for the costs of an unsuccessful action brought by him — Code of Civil Procedure, sec.* 1814.

This action was brought by the plaintiff, as administrator with the will annexed of one Warren Buckland, to recover property alleged to have belonged to the deceased. The property consisted of a real estate mortgage and a promissory note, which were executed and delivered to Matilda Buckland, the widow and executrix of Warren, after the latter's death, being payable by their terms to her personally and individually, and being claimed to belong to her in her own right under the will of her husband.

*Held,* that the plaintiff having failed in the action was chargeable personally with the costs thereof.

That the action was not brought " upon a cause of action belonging to him in his representative capacity," within the meaning of section 1814 of the Code of Civil Procedure.

*Thompson* v. *Whitmarsh* (1 East. Rep., 719, Ct. of App.); *Ferris* v. *Disbrow* (22 N. Y. Weekly Dig., 330) followed; *Dean* v. *Roseboom* (37 Hun, 310) distinguished.

APPEAL from an order of the Monroe Special Term, amending the judgment herein against the plaintiff, personally, for costs, by making it payable out of the assets in his hands as administrator.

*J. & Q. Van Voorhis*, for the appellant.

*G. H. Humphrey*, for the respondent.

SMITH, P. J.:

The plaintiff is the administrator *de bonis non*, with the will annexed, of Warren Buckland, deceased, who left a will appointing his wife, Matilda Buckland, sole executrix, and she having entered upon the executorship and died leaving property, which came to her from her testator's estate. Matilda Buckland claimed such property, in her own right, under the will. That claim was disputed by the plaintiff herein and others, and the present action was brought to determine that contention. The complaint alleged that after the death of Matilda, the defendant took or retained possession of certain personal property belonging to the testator and remaining in the hands of Matilda, at the time of her death, which he refused to deliver to the plaintiff, on demand. It appears that the property referred to consisted of a real estate mortgage and a promissory note, which were executed to the said Matilda, after the death of the testator, and were payable by their terms to her personally and individually.

Upon these facts, we are of the opinion that the plaintiff, having failed in his action, is chargeable personally with the costs, and they cannot be charged on the estate of the testator. The cause of action did not belong to him in his representative capacity. The gist of the action is the alleged conversion, evidenced by the defendant's refusal to deliver the property on demand. Not only did that occur after the death of the testator and of his executrix, but the choses in action, which were the property demanded, did not exist during the life-time of the testator, but were executed to the executrix and were payable to her personally, and not in her representative capacity. Had she sued for their conversion in her representative capacity and failed, she would have been liable for costs. (*Mann* v. *Baker*, 5 Cow., 267, and cases

cited; *Bedell* v. *Barnes*, 29 Hun, 589.) The plaintiff is in no better position. It was said in *Ketchum* v. *Ketchum* (4 Cow., 87, 89) that the case of *Goldthwayte* v. *Petrie* (5 T. R., 234, 235) draws the correct distinction. The distinction is between actions by executors, as such, upon transactions arising in the lifetime of the testator, and those where the whole transaction sued on took place after the testator's death. In the former the costs incurred by failure are chargeable upon the estate; in the latter upon the plaintiff personally. (*Goldthwayte* v. *Petrie*, 5 T. R., 234; *Ketchum* v. *Ketchum*, 4 Cow., 87.)

The respondent's counsel relies upon section 1814 of the Code of Civil Procedure, which provides, among other things, that "an action * * * hereafter commenced by an executor or administrator upon a cause of action belonging to him in his representative capacity * * * must be brought by * * * him in his representative capacity." That section does not aid the respondent. The cause of action in this case having accrued wholly since the death of Warren Buckland, does not belong to the plaintiff in his representative capacity within the meaning of that section of the Code. It was held by the Court of Appeals, in *Thompson* v. *Whitmarsh* (1 East. Rep., 714), that "the effect of the section, and the change produced by it, is upon the class of cases in which the action could have been maintained in either form, as where upon a contract made with the testator the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor or administrator has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter." Following that ruling the Supreme Court in the Second Department have held recently that, notwithstanding section 1814, an action cannot be maintained against an executor in his representative capacity upon a transaction which occurred after the testator's death. The executor is liable in such case individually only. (*Ferris* v. *Disbrow*, 22 N. Y. Weekly Dig., 330.) The case of *Dean* v. *Roseboom* (37 Hun, 310), cited by the respondent's counsel, has no bearing on the question as it arose before section 1814 was passed, and the court held that that section did not apply.

The order should be reversed, with ten dollars costs and disbursements.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Order reversed and motion denied, with ten dollars costs and disbursements.