A. BARKER, and E. MANN, executor and executrix of
J. MANN, *against* BAKER.

In trover for a pair of horses. The declaration contained three counts. The first, alleged the trover and conversion in the testator's life time; the second alleged the trover in the plaintiff's life time, and the conversion after his death; and the third, both trover and conversion after his death.

On the trial, at the last Monroe circuit, the plaintiffs proved, that after the testator's death, the horses were found in the defendant's possession, and were demanded by the plaintiffs; but the defendant refused to deliver them. A strong case being made out by the defendant, the plaintiffs submitted to a nonsuit.

*In trover by executors, on a conversion after the testator's death, if they be nonsuited, &c., at the trial, they must pay costs. For they may declare in their own right. Where executors may declare in their own right they shall pay costs on nonsuit, &c*

ALBANY,
Feb. 1826.

Mann
v
Baker.

*J. C. Spencer*, for the defendant now moved for costs. He cited *Ketchum* v. *Ketchum*, (4 Cowen's Rep. 87;) *Jenkins* v. *Plombe*, (6 Mod. 91; id. 181; 1 Salk. 287;) *Hollis* v. *Smith*, (10 East, 293;) *Bollard* v. *Spencer*, (7 T. R. 354;) *Admrs. of Tilton* v. *Williams*, (11 John. 403.)

*A. Samson*, contra, cited *Cockerill et ux.* v. *Kynaston.* (4 T. R. 277.)

*Curia.* In trover by executors, where the conversion, which is the gist of the action, is after the death of the testator, they must pay costs, if they fail. (2 Saund. 47, k.) It is true, that in *Cockerill et ux.* v. *Kynaston*, relied on by the plaintiff's counsel, costs were denied to the defendant, and the case is not distinguishable from the present. But in a subsequent case, (*Bollard* v. *Spencer*, 7 T. R. 354,) Lord Kenyon said there was some mistake in *Cockerill* v. *Kynaston ;* and the plaintiffs having declared on a possession after the testator's death, were holden on being nonsuited, to pay costs. In *Hollis* v. *Smith*, (10 East, 293,) the pleadings were like the second and third counts of this declaration. Lord Ellenborough said the question was, whether the plaintiffs need declare as administrators; that it certainly was not necessary to declare in that form; that on the death of the intestate, the plaintiffs were, in point of law, the owners of the goods; and, whether possessed of them or not, they might declare as other persons; and judgment was given against them for costs.

The rule that executors when prosecuting in right of the testator, shall not pay costs, applies to cases where it is necessary to sue in their representative character. (*Admrs. of Tilton* v. *Williams*, 11 John. 403.) The general doctrine on this head was very fully considered in *Ketchum* v. *Ketchum*, (4 Cowen's Rep. 87.)

In the principal case, the whole evidence of the trover and conversion was of a time subsequent to the testator's death. The defendant must take his judgment for costs.

Motion granted.