HEES, v. NELLIS, administrator, etc., appellant.

*Joinder of parties — costs.*

The defendant's intestate executed a bond conditioned for the payment of $400 to the heirs of J. J. L., etc., their assigns, agents, etc., upon the death of their mother.

The plaintiff, who was one of the payees, sued separately for one-eighth of the $400, and set up that there were eight heirs, that several of the heirs had been paid, and that defendant, who was intestate's administrator, had separately promised to pay her.

*Held,* that plaintiff could maintain a separate suit on the bond, and need not join the other payees as parties.

*Held,* also, that the objection of non-joinder could be taken only by demurrer. A judgment will not be set aside because costs taxed therein have not been applied for on motion, where the right to such costs is clear.

APPEAL from a judgment in favor of the plaintiff as administrator of Josiah Nellis, deceased. And from an order of the special term, denying a motion to set aside a judgment in this action, because a judgment for costs had been entered up by the plaintiff without having obtained an order allowing her costs on a motion made for that purpose.

The action is on a bond given by the intestate to the heirs of John J. Lyke, " conditioned for the payment of $400, on the death of their mother" to them, their heirs or their agents, or whoever they or either of them may designate.

The bond further recited that Jacob and John Lyke, sons of said Mrs. Lyke, had signed off and relinquished all claim and are hereby and thereby excluded from such right of theirs as such heirs in said sum.

The complaint, after setting out the bond and the release of two of the heirs, alleges that the money mentioned in the bond was due from the intestate for money received out of a farm owned by the intestate, that plaintiff is one of the heirs of said intestate and as such entitled to an equal one-eighth part of said $400, there being eight and only eight heirs, and each is entitled to one-eighth of said sum. That several of said heirs have been paid their respective shares, but plaintiff has not been paid any part of her share.

It is also alleged that defendant has repeatedly promised to pay to the plaintiff her share, and that plaintiff offered to refer the claim which defendant declined to do, but promised to pay it.

The defendant denies certain allegations of the complaint, and admits others, and sets up the non-joinder of the other seven owners of the fund as a further defense.

On the trial the defendant moved for a nonsuit because of the non-joinder of the other seven obligees in the bond. The motion was overruled and the defendant's counsel excepted.

The plaintiff put in evidence a letter from defendant to plaintiff in which he said he would not be able to pay her the amount due her from her father's estate, until about the 1st of August, 1870, as collections were very slow and the business he was engaged in demanded a very large amount of funds, but he had a matter with one Hoadly that he would turn if it met her approval.

The court ordered judgment for the plaintiff for the amount due the plaintiff with costs.

The plaintiff's attorney gave notice of taxation of costs, and they were taxed and included in the judgment.

The defendant's attorney then moved to set aside the judgment, because costs had not been applied for on motion.

The motion was denied with $10 costs. From the judgment and order the defendant appeals.

*William Rumsey*, for appellant, cited, 1 Pars. on Cont. (5th ed.) 13; *Pearce* v. *Hitchcock*, 2 N. Y. 388, 389; *Bowdoin* v. *Coleman*, 3 Abb. Pr. 431, 444; *DePuy* v. *Strong*, 37 N. Y. 372, 374; *Strong* v. *Wheaton*, 38 Barb. 616, 623; *Scofield* v. *Van Syckle*, 23 How. Pr. 97; *Brainard* v. *Jones*, 11 id. 569; *State of Indiana* v. *Woram*, 6 Hill, 33; *Burgess* v. *Abbott*, 1 id. 476; *Eaton* v. *Balcom*, 33 How. Pr. 80; *Zabriskie* v. *Smith*, 13 N. Y. 322, 336; *Bishop* v. *Edmiston*, 16 Abb. Pr. 466; 2 Stat. at Large, 92, § 41; *Mulheran's Ex'r* v. *Gillespie*, 12 Wend. 349, 355; *Knapp* v. *Curtiss*, 6 Hill, 386; *Howe* v. *Lloyd*, 2 Lans. 335; *Gansevoort* v. *Nelson*, 6 Hill, 389, 393; *Bullock* v. *Bogardus*, 1 Denio, 276.

*A. M. Spooner*, for respondent, cited, *Jones* v. *Felch*, 3 Bosw. 63, 66; *Power* v. *Hathaway*, 43 Barb. 214; *Bishop* v. *Edmiston*, 16 Abb. 466; *Matter of Phyfe*, 5 N. Y. Leg. Obs. 331; *Zabriskie* v. *Smith*, 13 N. Y. 332.

MULLIN, P. J. The bond is, in form, payable to the obligees jointly, but the interest is several, and hence one may sue alone. 1 Chit. on Pl. 11.

The promise to pay plaintiff her proportion may not have been founded on a new consideration so as to enable her to sue and recover upon it instead of the bond, yet it may be taken in consideration in determining whether plaintiff's interest is jointly with the other heirs or separately to herself.

Upon the case as it appears before us, I think the plaintiff was entitled to sue alone. *Van Wait* v. *Price*, 14 Abb. 4, note; *Homer* v. *Whitman*, 15 Mass. 132.

If, however, we are wrong in this view of the case, we are of opinion that the defect of parties, if any, could not be taken advantage of by answer, but must be taken advantage of by demurrer.

Section 144 provides that defect of parties may be taken advantage of by demurrer. When the defect does not appear on the face of the complaint, it may be taken advantage of by answer. § 147.

The complaint alleges that there were eight heirs, to whom, by the bond, the money was payable. The language is: "There being eight heirs, and only eight heirs, each of whom is entitled," etc.

The complaint speaks in the present tense, and refers to the time of writing it. It is equivalent to an allegation that there are seven other persons to whom this bond is payable, and they are not joined and they are living. It was said, in *De Puy* v. *Strong*, 37 N. Y. 371, that it is only when evidence is necessary to make the defect apparent that an answer setting up the defect of parties is permitted. In that case, the plaintiffs alleged in their complaint that they owned portions of the land sought to be recovered that were less than the whole. Whether they gave the names of the other owners, or alleged they were living, is not stated, as it was held to be a case in which the defect should be taken advantage of by demurrer.

All that it is said the complaint contained is, that there were other owners of interest in the land besides the plaintiff; who they were, and whether they were living, was not probably told, as it was held the defect could be, and should have been, taken by demurrer.

I think the averment in this complaint is equivalent to alleging that the persons not joined as plaintiffs were living.

The judgment should be affirmed.

On the facts alleged and proved on the trial, the plaintiff was entitled to costs, and although it would have been more in conformity to the established practice, to have required the plaintiff to move for costs, yet the judgment should not be set aside when it appears that the right to costs has been clearly established. Had the defendant's counsel showed, in his affidavit for the motion to set aside the judgment, any fact showing that plaintiff's right to costs was even doubtful, there would have been some excuse for making the motion. But nothing whatever is shown on the subject except the failure to conform to the practice. This would not justify the court in setting it aside, nor this court for reversing the order because it was not set aside.

The judgment and order are affirmed with costs of the appeal, to be paid by the administrator personally.