## ACKLEY v. ACKLEY.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. EXECUTORS—RECOVERY OF ASSETS—EVIDENCE.
    In an action by an executor to recover the value of horses which he alleges belong to his testator's estate, evidence of the declarations of the testator that he had sold the horses to the party from whom defendant purchased them, and that he received his pay for them, is competent against such executor.

2. SAME—LIABILITY FOR COSTS.
    The alleged cause of action arose after the death of the testator, and when plaintiff, acting as executor of the estate, demanded the surrender of the property, which was refused; and, as at that time the personal property had vested in the executor, the action was one that could have been maintained in his own name, and therefore it was proper to charge him personally with costs.

Appeal from judgment on report of referee.

Action by Ira M. Ackley, as executor, etc., of Ira W. Ackley, deceased, against John Ackley, to recover the value of a span of horses. From a judgment entered on the report of referee, dismissing his complaint, and charging costs against him personally, plaintiff appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

W. S. Thrasher, for appellant.
William Woodbury, for respondent.

LEWIS, J. This litigation is about the ownership and right of possession of a span of horses. The plaintiff contends that the horses were

878

NEW YORK SUPPLEMENT, vol. 21. [Sup. Ct.

the property of the testator, Ira W. Ackley, at the time of his death, and thereby became a part of the assets of the estate; that he, as the duly appointed and qualified executor of the estate, found the horses in defendant's possession; that he demanded possession of them, which was refused; and that, thereupon, as such executor, he brought this action to recover their value of the defendant. The defendant answered, admitting that the testator was once the owner of the horses, but alleged that during his lifetime he sold and delivered them to one Anson Alverson; that Alverson was the owner of them at the time of the testator's death; and that, at the time the plaintiff demanded them, the defendant was rightfully in possession of the horses, under Alverson. The action was referred and tried, and the referee dismissed the plaintiff's complaint, and charged the plaintiff personally with the costs of the action. The defendant relied, to establish Alverson's title, upon the declarations of the deceased that he had sold the horses to Alverson, and had received his pay for them. This evidence was objected to by the plaintiff as incompetent. It was unquestionably competent evidence against the plaintiff, occupying, as he did, the position of a representative of the estate. The appellant contends that the referee erred in charging him personally with costs of the action. The alleged cause of action occurred after the death of the testator, and at a time when the plaintiff was acting as the executor of the estate. It is so. alleged in the complaint. No cause of action existed in the testator's lifetime. At the death of the testator, the personal property vested in his executor. The cause of action arose when the defendant refused to surrender the property on demand. The action could therefore have been maintained in the plaintiff's individual name. In such a case it is proper to charge the plaintiff personally with costs. Lyon v. Marshall, 11 Barb. 248; Ketchum v. Ketchum, 4 Cow. 87; People v. Judges, 9 Wend. 486. The findings of the referee are fully sustained by the evidence. The judgment appealed from should be affirmed, with costs of the appeal against the plaintiff personally. All concur.