JOHN MULLEN, as Administrator, etc., of WILLIAM THOMAS GUINN, Deceased, Appellant, *v.* JAMES GUINN, Respondent.

*Administrator personally liable for costs — practice on the entry of a personal judgment against an executor — effect of a joinder of causes of action — review of an erroneous direction of a verdict.*

An action brought in the name of an administrator claiming to recover, as such, upon a cause of action arising after the death of the decedent, although concerning the property of the deceased, is an action in favor of the administrator individually, and he is liable for costs if he is defeated in the action, and, in a clear case, a judgment may be entered against him for costs without application to the court.

Section 3246 of the Code of Civil Procedure applies only to cases where the cause of action upon which a suit is brought by an executor or administrator arises in favor of the deceased and not to a cause of action in favor of an executor or administrator personally.

Although it is in many cases unnecessary for the successful party to an action brought against him by an executor or administrator to obtain by a motion the leave of the court to enter a personal judgment against such executor or administrator, the practice of so obtaining such leave is proper.

The Code of Civil Procedure permits the joinder of causes of action in certain cases, but each cause of action so joined must have all the elements and attributes of an independent cause of action.

An erroneous direction of a verdict in favor of the defendant, made by the trial court in an action brought by an executor or administrator, cannot be considered upon an appeal from an order made in such action charging the executor or administrator personally with the costs of the action; it can only be reviewed upon an appeal from a judgment and in a direct proceeding authorized by law to correct the error.

APPEAL by the plaintiff, John Mullen, as administrator, etc., of William Thomas Guinn, deceased, from an order of the Supreme Court, made at the Steuben Special Term and entered in the office of the clerk of the county of Steuben on the 4th day of March, 1895, granting the defendant's motion that judgment for the amount of the verdict and costs be entered against the plaintiff personally.

*Frank H. Robinson,* for the appellant.

*L. C. Van Fleet,* for the respondent.

WARD, J. :

The plaintiff as administrator instituted an action in this court and the complaint contained two causes of action, one for services rendered by the decedent for the defendant, and the other to recover for some personal property that had been taken by the defendant from the administrator after the death of the decedent and which had been his property, the plaintiff waiving the tort and seeking to recover upon the implied contract for its value. This was the second cause of action. The defendant answered by certain denials and alleged counterclaims to both causes of action, the counterclaim alleged to the second cause being that the defendant after the death of the decedent and before the commencement of the action had paid funeral expenses of the deceased, who was his father, to the amount of fifty dollars, for which he demanded judgment. The cause was tried at the Steuben Circuit in April, 1894, and upon the trial the plaintiff was nonsuited as to the first cause of action. As to the second cause of action, the court held that the evidence was sufficient to establish a portion of the plaintiff's claim to the amount of forty-seven dollars and fifty cents ; thereupon the plaintiff admitted in open court that the defendant had paid the funeral expenses of the deceased to the amount of ninety dollars. The defendant gave no evidence whatever, and the court passed upon the whole question as one of law and held that the funeral expenses paid by the defendant were a proper counterclaim to the second cause of action and deducted the forty-seven dollars and fifty cents from the ninety dollars funeral expenses and directed a verdict in favor of the defendant for forty-two dollars and fifty cents. The affidavit of the defendant's attorney discloses that on the 7th day of May, 1894, the defendant entered judgment against the plaintiff personally for forty-two dollars and fifty cents damages and one hundred four dollars and fifty-five cents costs, and an execution was issued thereon, and in July following a motion was made at the Monroe Special Term by the plaintiff to set aside the judgment, and the parties upon the hearing of the motion stipulated that the judgment be set aside without prejudice to the rights of the defendant to move for the order here appealed from, with the right to the plaintiff to raise any question of *laches* which might exist as to the making of such motion.

The plaintiff now contends, first, that the defendant has been guilty of such delay and *laches* in making this motion as deprives him of the right to the order he has obtained. We think the papers before us sufficiently excuse the delay.

The appellant also contends that the motion should not have been entertained by the Special Term without the certificate of the judge presiding at the trial setting forth the facts and what took place upon the trial, and that affidavits alone were not sufficient. We cannot sustain this contention, because the affidavits set forth clearly and without dispute what occurred upon the trial, and the pleadings before us show that the second cause of action was one arising after the death of the intestate, and was for a cause that accrued to the plaintiff individually and not as administrator, and it has been settled by a long line of cases that where an action is brought in the name of an administrator claiming to recover as such upon a cause of action that arose after the death of the decedent, though concerning the property of the decedent, it is a cause of action in favor of the plaintiff individually, and he is liable for costs if he is defeated in the action (*Buckland, as Administrator, etc.,* v. *Gallup,* 105 N. Y. 453; *Thompson* v. *Whitmarsh,* 100 id. 35; *Holdrige, as Administrator,* v. *Scott,* 1 Lans. 303; *Ketchum, Executor,* v. *Ketchum,* 4 Cow. 87; *Lyon & Others, Executors,* v. *Marshall,* 11 Barb. 241; *Hees* v. *Nellis,* 65 id. 440; *Ackley* v. *Ackley,* 21 N. Y. Supp. 877, and cases cited), and judgment for costs may be entered in clear cases without application to the court. (Cases above cited.)

Application was made by the defendant to the judge granting this motion for a certificate, he being the same judge who presided at the trial, and was refused upon the ground that as the liability for costs clearly appeared from the papers presented, the certificate was unnecessary. The affidavits on the part of the plaintiff disclose that the action was brought in good faith and under section 3246 of the Code of Civil Procedure, which provides that "in an action brought by or against an administrator or executor in his representative capacity * * * costs must be awarded as in an action, by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836, * * * but they are exclusively chargeable upon and collectible from the estate, fund or person represented unless the court directs them to be

paid by the party personally for mismanagement or bad faith in the prosecution or defense of the action." The plaintiff claims that he cannot be made personally liable for costs unless he has been guilty of bad faith or mismanagement. This would probably be so if his case came within this section. We conclude that this section has application only to cases where the cause of action arose in favor of the deceased, and not to causes of action in favor of executors or administrators personally.

The practice of obtaining leave of the court by motion to enter personal judgments of this kind has been sanctioned by the courts, although in many cases unnecessary. (*Administrators of Tilton* v. *Williams*, 11 Johns. 403 ; *Reynolds* v. *Collin*, 3 Hill, 441 ; *Barker* v. *Baker*, 5 Cow. 267 ; *Burhans, Executor*, v. *Blanchard*, 1 Den. 626 ; *Bostwick, Executor*, v. *Brown*, 15 Hun, 308.)

In *Admrs. of Tilton* v. *Williams* (*supra*) and *Barker* v. *Baker* (*supra*) the declarations contained several counts, some alleging a cause of action arising in the lifetime of the decedent, and others afterwards, and the plaintiff was held personally liable for costs on account of his failure to recover upon the causes of action arising after the appointment of the plaintiff as personal representative. The Code permits, indeed encourages, the joinder of causes of action in certain cases, but each cause must have all the elements and attributes of an independent cause of action. This scheme of the Code finds strong confirmation in section 3234 providing as to costs where a plaintiff succeeds upon one cause of action and a defendant upon another. And in disposing of the question raised by this appeal we treat this second cause of action and all its incidents the same as if it were the only one alleged in the complaint and disposed of at the trial.

The appellant also contends that the trial court was not justified in directing a verdict for the defendant for the funeral expenses after deducting the amount found due the plaintiff on the second cause of action, as it was not a proper counterclaim, and, therefore, it was error for the court to make the order appealed from, directing that a judgment be entered against the plaintiff, personally, for the balance of such funeral expenses. If there was error in that regard it cannot be considered here, and can only be reached upon an appeal from the judgment and in a direct proceeding authorized by

FIFTH DEPARTMENT, JUNE TERM, 1895. [Vol. 88.

law to correct this error. We take the verdict as we find it, and assume it to be correct upon this appeal.

The trial court held that the sum of forty-two dollars and fifty cents, which remained due the defendant after the sum of forty-seven dollars and fifty cents found in favor of the plaintiff upon his personal cause of action had been absorbed by the defendant's counterclaim, was a claim against the plaintiff individually, and, as we understand, the papers directed a verdict against him, individually, for that amount. There was no error, therefore, in the order appealed from providing that the amount of the verdict, together with the costs, should be charged against the plaintiff, personally.

The order appealed from should be affirmed, with ten dollars costs and the proper disbursements of the respondent upon the appeal.

LEWIS and BRADLEY, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.