her return to school, which opened about 1:15 p. m., and, finding Elm street blocked, she ran northerly along the westerly side of defendant's freight train, standing on the siding, then turned, and, running, crossed the track in front of the engine of that train, with her head down, over the intervening space of four feet, and upon the passenger track, in the middle of which she was struck by the locomotive of the passenger train. It was a bright, clear day, and it is undisputed that on the easterly rail of the siding she could have seen the approaching passenger train at a distance of half a mile. There is not the slightest evidence of the exercise of any degree of care. If she looked at all for the approaching train, which is quite doubtful, it was not until she was in the center of the passenger track, when the train was upon her, and it was too late. In her commendable desire to arrive at school in time, she became unmindful of the danger which she should have apprehended, and suffered the lamentable consequences of her thoughtlessness. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur; PARKER, P. J., and KELLOGG, J., in the result.

VAN BUREN v. FIRST NAT. BANK OF COOPERSTOWN.

(Supreme Court, Appellate Division, Third Department.   June 28, 1900.)

1. RESIGNING EXECUTOR—RIGHT TO ASSETS.
   An executor deposited bonds with a bank. He thereafter resigned, and a decree was entered charging him with the assets in his possession, including the bonds, and providing that he should be discharged on payment of the money. *Held* that, though the bonds would remain assets of the estate until payment of the decree, the resigning executor could recover them from the bank, since he was entitled to realize on them in order to pay the decree, and since his successor could not be entitled to both the bonds and the money.

2. EXECUTOR—ACTION—INDIVIDUAL CAPACITY.
   Where an executor, after resignation, sued to recover bonds deposited by him in a bank, failure to show his representative capacity in the title to the action and in the summons did not prevent recovery, such capacity having appeared in the body of the complaint.

   Kellogg and Herrick, JJ., dissenting.

Appeal from special term.

Action by Martin Van Buren against the First National Bank of Cooperstown. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Lynn J. Arnold, for appellant.
Gibbs & Wilbur, for respondent.

PARKER, P. J. The plaintiff in this case, in 1882, was the executor and trustee under the will of Cornelius Van Buren, deceased, and as such held, as part of the assets of that estate, two town bonds for $500 each. These bonds he deposited with the defendant bank,

as he claims, for safe-keeping. In 1895 he demanded the possession of such bonds from the bank, which was refused, and he brought this action to recover for the same. In the title of his summons and complaint he appears as plaintiff, without setting forth his representative character, but in the body of the complaint he avers his representative character, and that the bonds belonged to the estate of which he was executor. The defendant, in its answer, admits its incorporation, and that the plaintiff has been duly appointed and qualified as executor, as alleged in the second paragraph of his complaint, and denies all other allegations. It further sets up that, after the year 1882, the two bonds were pledged by the plaintiff with it as collateral security for his debt of $1,300; that such indebtedness was evidenced by two promissory notes held by the bank, which were renewed from time to time until April, 1895, when judgment was obtained thereon in its favor against plaintiff, and execution issued and returned unsatisfied; and that the defendant was then in the lawful possession of such bonds. It also averred that, at the time of the commencement of this action, plaintiff did not have any right, title, or interest in the bonds so held by it. On the trial a single question was submitted to the jury, as to whether the bonds were pledged to the bank as collateral security for the payment of the two notes, and did the bank, by reason thereof, and believing that the bonds were the individual property of the plaintiff, in good faith extend the time of payment of the notes? To that question the jury answered, "No;" and thereupon judgment was rendered in favor of plaintiff for the amount of the bonds, with interest thereon, and costs. From that judgment, and an order denying a new trial, the defendant appeals.

It appeared upon the trial that on January 28, 1895, the plaintiff petitioned the surrogate to be allowed to resign his trust as such executor, and to that end that his accounts be judicially settled, and his letters be revoked and a successor be appointed, on the ground of his advanced age and impaired eyesight. Under that petition, a citation was duly issued, and such proceedings were had that a decree was entered, judicially settling his accounts, and charging him with a balance of $2,153.85, found due from him to the estate, and letters of administration with the will annexed were issued to Van B. Pruyn, as his successor. Upon this appeal it is claimed by the appellant that even though the plaintiff deposited the bonds with the bank for safe-keeping merely, yet he cannot recover for them in this action, because his right to the possession of the same has passed to his successor, and also because he cannot maintain this action in his individual capacity. Neither one of these defenses is tendered by the answer; but conceding that, upon the evidence, they may properly be considered, yet, in my opinion, neither of them can be sustained. The decree entered upon the plaintiff's petition for leave to resign charges him with a balance of $2,153.85. It appears from his account filed in that proceeding that the only assets in his hands were certain interest-bearing securities, which were held by him under a prior order of the surrogate, among which were the two bonds in question. And such balance of $2,153.85 is the full amount

of such securities, less certain credits allowed him against the same. The decree nowhere provides that such securities be delivered over to his successor, as it could have done under section 2603 of the Code, but it charges the full amount thereof against this plaintiff, and requires him to pay the same over to his successor. It further provides that:

"When he shall have paid over the sum of $2,153.85, found due from him, as aforesaid, to Van B. Pruyn, who is hereby appointed the successor of said Martin Van Buren, as directed by the surrogate, it is ordered and adjudged that the resignation of said Martin Van Buren as executor, etc., be, and the same is, accepted, and that he be discharged of and from all liability and duty on account thereof, and his letters revoked accordingly."

This decree does not deprive plaintiff of his right to the possession of such bonds. It will not be claimed that Van B. Pruyn was entitled to the sum of $2,153.85 from the plaintiff, and also to the securities of which that sum is made up. Concede that the bonds will be considered assets of the estate until plaintiff has paid the amount decreed against him, yet his right to possess them and to realize from them, in order to pay, is not taken from him by such a decree. The title and the right to possess them has not by that decree passed from him to his successor. As against this defendant, who was a mere depositary, plaintiff has still the right to possess and demand the same. Were it otherwise,—if the successor alone has the title, and is entitled to that possession, to the exclusion of the plaintiff,—then, in equity, the decree that plaintiff pay the money for the same must be deemed satisfied by the application of the securities thereto, and the successor is left to recover from the depositary as best he may. It is also to be noticed that by this decree the plaintiff's resignation is not accepted, nor are his letters revoked, until he has paid the sum charged against him. Although a successor is named, this plaintiff's authority is not revoked. By the decree itself, it is preserved until payment is made. It seems very clear to me that he still has the right, as against his depositary, to the possession of these bonds, and has never been deprived of authority to enforce that right. It is said, however, that such right belongs to him in his representative capacity only, and that hence he cannot maintain this action in his individual name. It is a right that accrued to plaintiff subsequent to the death of his testator, and rests entirely upon a transaction between himself and the defendant, viz. upon the implied promise to return to him the bonds upon demand. Such a right may be enforced in his individual, as well as in his representative, capacity. Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843; Bingham v. Bank, 112 N. Y. 661, 19 N. E. 416. But in the complaint it appears just what his claim is, and in just what capacity he sues, and for these reasons this latter objection is not well taken. In order to defeat this plaintiff's demand for these bonds, the defendant, having failed in its claim that it held them as a valid pledge for the plaintiff's debt, was at least obliged to show that the plaintiff's right to possession had departed from him, and that another party, having a better right, made claim to the same. This it failed to do, and hence I conclude that the motion for a nonsuit was properly denied. The exceptions taken upon the

trial do not present any reversible error, and the weight of evidence is not so strong against the verdict as to warrant us in disturbing it.

The judgment must be affirmed, with costs.

KELLOGG, J. (dissenting). The plaintiff was executor of the will of Cornelius Van Buren, and, as such executor, two bonds, aggregating $1,000, came into his possession. These he deposited for safe-keeping with defendant. Subsequently, and before this action was commenced, an administrator with the will annexed—one Van Pruyn—was appointed, and entered upon the discharge of his duties. At the time of such appointment it is conceded that those bonds were the property of the estate of the testator,—the deceased, Cornelius Van Buren. It is conceded that the plaintiff in this action never had any interest or title to the bonds individually. The defendant claimed that plaintiff, as an individual, turned the bonds out to it as collateral security for a debt owing to the bank. The jury found against this contention, by finding that no agreement was ever made to that effect. Prior to the commencement of this action, the plaintiff caused a demand to be made upon defendant, both in his individual capacity and in his capacity as executor, for a return of the bonds to one A. R. Gibbs. Such demand was in writing, and declared that these bonds belonged "to the estate of Cornelius Van Buren, deceased." This written order for the bonds was signed by plaintiff individually, and by him as executor, and was subsequently, before action, indorsed over to Van Pruyn, the administrator with the will annexed. The question arises, can this action be maintained on these undisputed facts for conversion of the bonds in the name of plaintiff individually?

I think it unnecessary to examine any other question raised on this appeal, other than the one relating to the plaintiff's right to maintain the action in his individual name. The facts touching any alleged transfer by plaintiff to defendant were settled by the jury adversely to defendant, and upon testimony which seems to be sufficient to sustain their verdict. But the question of plaintiff's ownership of the bonds, or of any interest therein, giving him, in his individual name, a right of action for their conversion, is directly raised by the answer. The plaintiff established upon the trial the absolute ownership of the bonds by Cornelius Van Buren at the time of his death, and plaintiff's possession of them thereafter only as executor of his estate, and was careful to prove no interest whatever at any time in him individually, and disclaimed having ever treated them as individual property in any way, and on this character of evidence the court and jury apparently found with plaintiff. Before the trial, the bonds were demanded of the defendant by the executor as the property of the estate of Cornelius Van Buren. This is not property acquired by an executor after a testator's decease,—property which he may treat as his own or as belonging to the estate,—but it is property in which the executor never had, by contract or otherwise, any interest. As to such property, as I understand the Code of Procedure in its present form (sections 449, 1814), all actions relating to such property must be brought in the official name of the personal representative of the estate. In Thompson v. Whitmarsh, 100 N. Y. 40, 2 N. E. 274, the court of appeals said:

"The effect of the section, and the change produced by it, is upon the class of cases in which the action could have been maintained in either form,—as where, upon a contract made with the testator, the cause of action accrued after his death; or where, upon a debt or obligation due to the deceased, the executor or administrator has taken a new security or evidence of debt. In these cases, before the Code, the action might be in the individual or representative name, but now must be in the latter."

The plaintiff, as an individual, cannot recover in conversion by standing on any contract of bailment. He must show some special property in the thing converted to maintain such an action. Here, plaintiff has not even the prima facie title evidenced by possession. It cannot be said that defendant has no right to deny plaintiff's right to recover, since a demand has been made upon him, as bailee, by the executor, the true owner. If the defendant now surrendered the property to plaintiff, or submitted to pay him individually its appraised value, the true representative of the estate of Cornelius Van Buren might also recover full value, for the property is his, and he demanded it before this action was brought. Upon his rights this judgment has no bearing. I think the judgment and order should be reversed, with costs.

HERRICK, J., concurs.

---

PEOPLE ex rel. MARTIN et al. v. WESTCHESTER COUNTY et al.

(Supreme Court, Appellate Division, Second Department. July 9, 1900.)

1. CERTIORARI—APPELLATE DIVISION—JURISDICTION—CONSENT.
   Under Code Civ. Proc. § 2138, declaring that in certiorari proceedings the cause must be heard at a term of the appellate division of the supreme court, the fact that defendants consented to the appointment of a referee by the special term, to take testimony and report on relator's claim, and specially waived any question of the court's jurisdiction to make such appointment, did not confer jurisdiction on the special term to enter judgment on the referee's report, since the appellate division's jurisdiction is exclusive.