## ROONEY v. BODKIN et al.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. WILLS—CONSTRUCTION—ESTATE DEVISED—VESTING OF TITLE.

A will devising to testator's niece certain houses and lots, to hold during life, with the fee to her issue surviving her, but, in case of death without issue, then to testator's brother, vested in the niece and her heirs title to the property, subject to the provisions of the will, immediately on testator's death.

2. SAME—RIGHTS OF EXECUTORS—WRONGFUL POSSESSION OF PROPERTY—LIABILITY TO ACCOUNT.

Where a will devised certain houses to testator's niece, to hold for life, with fee to her issue, with limitation over in case of her death without issue, a further provision authorizing the executors to take charge of real estate, except that directly devised with right to immediate possession, did not give the executors a right to hold the premises so devised to the niece, and, where they did hold such premises, the niece was entitled to an accounting of the rents.

3. EQUITY—JURISDICTION—ADEQUATE LEGAL REMEDY—NECESSITY OF PLEADING.

A defendant to a suit in equity, to avail himself of the defense that an adequate remedy at law exists, must plead such defense.

4. SAME—CONSTRUCTION OF WILL—ADEQUACY OF LEGAL REMEDY—DETERMINATION OF LEGAL QUESTIONS.

A will devised to testator's niece certain premises for life, with fee to her issue, with limitation over in case of her death without issue, and further authorized the executors to take charge of the real estate not directly devised with right of immediate possession. The executors took charge of the property devised to the niece, and she sued them in equity

for determination of her rights. *Held*, that the suit was cognizable in equity; for, if the executors were testamentary trustees, as they claimed, plaintiff had no adequate remedy at law, and, if they were usurping the duties of such trustees, that fact depended solely on the construction of the will, which was a pure question of law, and could be determined by the court either in its equitable capacity or as a trial court.

5. EXECUTORS—SUITS BY—COSTS—INDIVIDUAL LIABILITY.

Under Code Civ. Proc. § 3246, permitting the court to direct the payment of costs by an executor, etc., personally, for mismanagement or bad faith in the prosecution or defense of an action, executors, who had no duties to perform in connection with certain property, and insisted on a right to act therein to the disadvantage of the devisee, and in violation of her legal rights, in refusing to give possession, were acting personally, and were individually chargeable with the costs of an action by her to enforce her rights.

Appeal from Special Term, Kings County.

Action by Margaret Rooney against Martin R. Bodkin and others, as executors of Dominick G. Bodkin, deceased. From portions of a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

John R. Kuhn, for appellants.

L. J. Morrison, for respondent.

WOODWARD, J. Dominick G. Bodkin, late of the city of New York and borough of Manhattan, died on or about the 26th day of January, 1902, leaving a last will and testament, with codicils, in which he disposed of various pieces of real estate, or the income thereof; and by the eighth paragraph of the said will he gave to the plaintiff the sum of $5,000, and further provided that:

"I also give unto my said niece the house and lot No. 288 Clinton avenue, Brooklyn, subject to the life estate therein of Margaret F. Bodkin, and the houses and lots Nos. 221 and 223 High street, in Brooklyn, to have and to hold the said three separate parcels of real estate for and during her life, with the fee thereof unto her issue her surviving; but, in case of her death without issue surviving, I give and devise said three parcels of real estate unto my brother Martin, or, in case he shall have died before the termination of said life estates, unto his heirs, per stirpes."

By the seventeenth paragraph of the said will the testator provided that:

"I authorize and empower my executors to take charge of all my real estate, except that directly devised, with right of immediate possession to the devisee, and to let, lease, sell, and convey the same, or any portion thereof. The proceeds derived from the sale of any real estate in which a life interest continues under this will shall be regarded as real estate, and be carefully and separately invested by my executors, in order to preserve the interest therein of the life tenant and reversioners. My executors shall collect the rents and income from all said property, and therefrom pay the taxes, repairs, and other charges thereon, and pay over the net income derived from each portion, or from the investment made in lieu of the real estate, to the life tenant entitled thereto."

Claiming authority to act under this seventeenth paragraph of the will, as admitted by the defendants in their answer to the complaint in this action, the defendants entered into possession of the premises at Nos. 221 and 223 High street, and at the time of the trial, 18

87 N.Y.S.—51

months after the will was admitted to probate, were still in posses-
sion of the premises, collecting the rents and profits, and neglecting
to account to the plaintiff for the same. The plaintiff brings this ac-
tion to have her rights under the will determined. She sets forth the
facts in reference to the will and its provisions, and alleges that the
executors had entered into possession of the premises above men-
tioned, and that they—

"Have ever since said time collected, and are now collecting, the rents and
income thereof, and have and do now claim the right to hold, manage, and
control the said real estate, and to collect the rents issuing therefrom, as testa-
mentary trustees, pursuant to the terms of said last will and testament."

The defendants, in answering, admit these allegations, and allege
that they—

"Have proceeded with due diligence in performance of their duties as such
executors, have collected the rents from the premises Nos. 221 and 223 High
street, and have therefrom paid the necessary expenses for taxes, insurance,
repairs, etc., and are ready and willing to account to plaintiff, as life tenant
of said premises, for the net proceeds so collected, and to pay the same to her
as by the will directed."

By this pleading the defendants admit that they are assuming to
hold this property (which unquestionably vested in the plaintiff and
her heirs, subject to the provisions of the will, immediately upon the
death of the testator) as testamentary trustees, yet upon this appeal
they urge that a court of equity is without jurisdiction to determine
the construction of this will and the rights of the plaintiff thereunder.
The learned court at Special Term granted the relief which the plain-
tiff demanded, and awarded costs to the plaintiff, to be paid by the
defendants personally. The defendants appeal.

We are not in doubt that the facts set forth by the plaintiff were
sufficient to constitute an equitable cause of action against these de-
fendants, who claim to be acting as testamentary trustees, and we are
clear that the learned court has not erred in holding that they were
not entitled to hold the premises as against the plaintiff, and that the
latter was entitled to an accounting. But, were we less clear upon
these points, the proposition, now urged by the defendants, that the
court should have refused jurisdiction because the plaintiff had an
adequate remedy at law, is without force. A defendant, when sued
in equity, cannot avail himself of the defense that an adequate remedy
at law exists, unless he pleads that defense in his answer. Town of
Mentz v. Cook, 108 N. Y. 504, 508, 15 N. E. 541, and authorities
there cited. And we look in vain in the defendants' pleadings for any
suggestion that the plaintiff has any other remedy than that which
she seeks, though there is a suggestion that proceedings are pending
in the Surrogate's Court, and that such court has—

"Ample jurisdiction to determine any disputes that have arisen, or may arise,
between the parties concerned in said estate, that these defendants do not
invoke the intervention of the equitable powers of this court for a construction
of said will, and they deny that the plaintiff is justified in bringing or main-
taining this action."

The plaintiff's rights under the will of Mr. Bodkin depended upon
the construction of the will. If the defendants were testamentary

trustees, as they claimed, to be, then a court of equity unquestionably had jurisdiction, and the plaintiff had no adequate remedy at law; and if they were usurping the duties of a testamentary trustee, under an erroneous construction of the will, and were keeping the plaintiff out of her right of possession, it is difficult to understand why, under the pleadings, it was not proper for the court to determine the question of law, and to grant the proper relief. There could be no dispute of fact as to the provisions of the will. It presented purely a question of law as to the proper construction, and no material rights of the defendants are involved in the mere technical question of whether the law was determined by a court in its equitable capacity or as a trial court.

On the question of costs, we see no reason for modifying the judgment. The plaintiff was entitled to immediate possession of her property. The defendants unlawfully withheld the property from her, and why the costs of this action, necessary to secure the plaintiff's legal rights, should be taken from the decedent's estate, to the wrong of this plaintiff and others, who are not parties to this action, does not appear. The defendants, as executors, had no duties to perform in connection with the High street property; and they, having insisted upon a right to act to the disadvantage of the plaintiff and in violation of her legal rights, were acting personally, and not as executors, in refusing to give possession of the property, and they are properly chargeable with costs individually. Section 3246, Code Civ. Proc. Buckland v. Gallup, 105 N. Y. 453, 11 N. E. 843. The defendants do not appeal from the conclusions of law involved in the judgment, in so far as it relates to the rights of the plaintiff in the High street premises. This is a concession that their possession of the property was illegal, and as the plaintiff is entitled to costs from some one, and the estate is not legally chargeable for the illegal acts of executors, there is no other place for the burden to fall than upon those who have by their misconduct made the action necessary.

The judgment and order appealed from should be affirmed, with costs. All concur.