## DUNPHY v. CALLAHAN.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. EXECUTORS—COLLECTION OF ESTATE—ACTIONS FOR CONVERSION—COSTS.

An action by an executor for conversion occurring during the life of testator is maintainable by the executor in his representative capacity only, and costs on the rendition of judgment for defendant cannot be taxed against him personally without the direction of the court made pursuant to Code Civ. Proc. § 3246, authorizing the court to direct that the costs of an action shall be paid personally by the representative bringing it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 1949–1965.]

2. SAME.

A conversion occurring immediately after the death of the owner is a conversion of property, the legal title to which is in the executor of the deceased owner; the title of the executor relating back, on his appointment, to the death of the deceased owner.

3. SAME.

An action by an executor for a conversion occurring immediately after testator's death, whether prosecuted in his name individually or in his representative capacity, is, for purposes of taxation of costs, an action by him individually, and costs may be taxed against him individually on judgment being rendered for defendant, without the direction of the court, pursuant to Code Civ. Proc. § 3246.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 1949–1965.]

Ingraham, J., dissenting.

Appeal from Special Term.

Action by Edward J. Dunphy, as executor of Katherine D. Callahan, deceased, against Cornelius Callahan. From an order refusing to set aside a judgment for defendant, or to modify it by striking therefrom provisions charging plaintiff personally with the costs, plaintiff appeals. Affirmed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James Z. Pearsall, for appellant.
John V. Judge, for respondent.

LAUGHLIN, J. This is an action by plaintiff, as executor, for the conversion of property of his testatrix. The property was not taken from the possession of the testatrix, but is alleged to have been taken and removed by the defendant immediately after her death. It is further alleged that defendant wrongfully refused to deliver the same to the plaintiff upon demand. The defendant denied the wrongful taking, and interposed a separate defense, alleging ownership in him. The cause was tried, and the jury rendered a verdict in favor of the defendant. Upon this verdict defendant entered judgment on the merits in his favor against the plaintiff upon the issues in the action and for the taxable costs, with a provision that they be recovered of the plaintiff personally, and that he have execution therefor.

The record does not show that any application was made to the court pursuant to the provisions of section 3246 of the Code of Civil Procedure to have the costs taxed against the plaintiff personally, or that the court directed that they should be payable by the plaintiff personally. If the cause of action were one in favor of the testatrix, that is to say, if the conversion occurred during her lifetime, then it is clear that the action could only be maintained by the executor in his representative capacity, and in that event costs could not be taxed against him personally without the direction of the court, made pursuant to the provisions of said section 3246 of the Code of Civil Procedure. Hone v. De Peyster, 106 N. Y. 645, 13 N. E. 778. The cause of action, according to the allegations of the complaint, however, did not accrue to the testatrix. The alleged wrongful taking and conversion of the property was after her death. The title of the executor to the personal property of the testatrix related back, by operation of law, upon his appointment, to the moment of her death. The conversion, therefore, was of property, the legal title to which was in the executor. The letters testamentary did not confer title upon him in his representative capacity, but are the evidence showing the passing of title from the testatrix to him. Although it has been held that an executor or administrator may recover either in his representative capacity or individually upon a cause of action upon a contract made by him in his representative capacity (Bingham et al. as Adm'rs v. Marine Nat. Bank et al., 112 N. Y. 661, 19 N. E. 416; Van Buren v. First Nat. Bank, 53 App. Div. 80, 83, 65 N. Y. Supp. 703; Spies v. Michelsen, 2 App. Div. 226, 37 N. Y. Supp. 720), yet the rule seems to be well settled that as to a cause of action for conversion, and probably as to any other cause of action, which accrues to the personal representative of the decedent, as distinguished from a cause of action which accrued to the decedent, whether he prosecute it in his name individually or in his representative capacity is to be deemed, for the purpose of the taxation of costs, an action by him individually, and, if the action be brought in his representative capacity and he be unsuccessful, costs may be taxed against him individually without an application to the court (Buckland v. Gallup, 105 N. Y. 452, 11 N. E. 843; Bingham as Adm'r v. Marine Nat. Bank, supra; Mullen v. Guinn, 88 Hun, 128, 34 N. Y. Supp. 625. See,

also, Rooney v. Bodkin, 93 App. Div. 431, 435, 87 N. Y. Supp. 800, and Williamson v. Stevens, 84 App. Div. 519, 82 N. Y. Supp. 1047).

It follows, therefore, that the motion was properly denied, and the order should be affirmed, with $10 costs and disbursements.

CLARKE and SCOTT, JJ., concur. McLAUGHLIN, concurs in result.

INGRAHAM, J. (dissenting). The action was commenced by the plaintiff in his representative capacity to recover possession of what was alleged to be property of the plaintiff's testator, the complaint alleging that the deceased had possession of this property at the time of her death, but that immediately after her death the defendant wrongfully took possession of it, and has refused to return it to the plaintiff, although duly demanded. The answer alleged that the defendant was the owner of the property. This action came on for trial before a jury, who rendered a verdict for the defendant. Nothing was said about the costs upon the trial upon this verdict, but the judgment was entered by the clerk awarding judgment against the plaintiff personally for the costs. I think this judgment was unauthorized. As before stated, the action was brought by the plaintiff in his representative capacity. It was tried as an action by the estate against the defendant, and defendant obtained a verdict which authorized the entry of a judgment against the plaintiff in his representative capacity for costs. From this record the clerk was not authorized to enter a judgment against the plaintiff personally without some special order of the court.

The case of Mullin v. Guinn, 88 Hun, 128, 34 N. Y. Supp. 625, is not in point, for that was an appeal from an order granting a motion that the plaintiff should be personally liable for the costs. No such motion was made in this case, and the judgment to be entered must depend upon the verdict of the jury which was in favor of the defendant against the plaintiff as executor of the estate of the decedent. Any judgment entered upon such a verdict without some further direction of the court must, it seems to me, be against the plaintiff in his representative capacity. Section 3246 of the Code of Civil Procedure provides that in an action brought by or against an administrator or executor in his representative capacity costs must be awarded, as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836; but they are exclusively chargeable upon and collectible from the estate, fund, or person represented, unless the court directs them to be paid by the party personally for mismanagement or bad faith in the prosecution or defense of the action. As this action was brought by an executor in his representative capacity, and as the verdict was against him as such, it seems to me that the only judgment that could be entered was one against the estate represented.

The order appealed from should therefore be reversed, and the motion granted.